UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BYRON K. JONES, Jr., : | |
| : | Civ. No. 13-0132 (RBK) |
| Petitioner, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| STATE OF NEW JERSEY, et al., : | |
| : | |
| Respondents. : | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 31, 2013, this matter was administratively terminated as petitioner had neither paid the filing fee of $5.00 nor had he submitted an application to proceed *in forma pauperis*. Subsequently, petitioner paid the filing fee and this matter was reopened.

On June 18, 2015, petitioner was given his *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000) notice. Petitioner responded in July, 2015 to the *Mason* notice that he wanted his habeas petition ruled upon as is. On August 4, 2015, this matter was reassigned to this Court by Chief Judge Simandle.

Upon screening the petition, the Court has determined that dismissal of the petition without an answer and the record is not warranted. *See* Rule 4 of Rules Governing 28 U.S.C. § 2254 Cases.

Petitioner names the State of New Jersey as the respondent in this action. However, the proper respondent in this case is the custodian of the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Petitioner is now incarcerated at the Northern State Prison in Newark,

New Jersey. The administrator of that facility is Robert Chetirkin. Therefore, the Clerk will be ordered to replace the State of New Jersey with Robert Chetirkin as the respondent in this case.

Petitioner has also filed a motion to appoint pro bono counsel. Petitioner does not have a constitutional right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require . . ." In *Reese*, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64.

In this case, the Court finds that the appointment of counsel is not warranted at this time. The claims raised by petitioner do not appear overly complex and it does not appear at this time that the appointment of counsel will benefit the Court. Therefore, petitioner's motion for the appointment of counsel will be denied without prejudice.

Accordingly, IT IS this  29th  day of  October , 2015,

ORDERED that the Clerk shall replace the State of New Jersey with Robert Chetirkin as the respondent in this case; and it is further

ORDERED that petitioner's motion to appoint pro bono counsel (Dkt. No. 7) is denied without prejudice; and it is further

ORDERED that the Clerk shall serve a copy of the petition (Dkt. No. 1) and this Order on the respondents by regular U.S. mail, with all costs of service advanced by the United States, and it is further

ORDERED that respondents shall file a full and complete answer to the habeas petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that respondents' answer shall address the allegations and grounds of the habeas petition, and shall adhere to the requirements of Rule 5 of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that the answer shall indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed; and it is further

ORDERED that respondents shall attach to the answer parts of the transcript that the respondents consider relevant and, if a transcript cannot be obtained, respondents may submit a narrative summary of the evidence, *see* Rule 5(c) of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that respondents shall file with the answer a copy of:  (1) any brief that petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding; (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and (3) the opinions and dispositive orders relating to the conviction or the sentence, *see* Rule 5(d) of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that the answer shall contain an index of exhibits; and it is further

ORDERED that respondents shall file the answer, the index of exhibits, and the exhibits electronically; and it is further

ORDERED that respondents shall serve the answer, the index of exhibits, and the exhibits upon petitioner, *see* Rule 5 of the Rules Governing 28 U.S.C. § 2254 Cases; FED. R. CIV. P. 10(c); *Sixta v. Thaler*, 615 F.3d 569, 569 (5th Cir. 2010); *Thompson v. Greene*, 427 F.3d 263, 269 (4th Cir. 2005); *Pindale v. Nunn*, 248 F. Supp. 2d 361, 367 (D.N.J. 2003); and it is further

ORDERED that petitioner may file a reply to the answer within forty-five (45) days of petitioner's receipt of same, *see* Rule 5(e) of the Rules Governing 28 U.S.C. § 2254 Cases; and it is further

ORDERED that within seven (7) days of petitioner's release, be it on parole or otherwise, respondents shall electronically file a written notice of same with the Clerk; and it is finally

ORDERED that the Clerk shall serve this Order on petitioner by regular U.S. mail.

      s/Robert B. Kugler_____
      ROBERT B. KUGLER
      United States District Judge